IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY SHIRLEY GOLPHIN,  :
    Plaintiff  :
  :
    vs.  :  CIVIL NO. 3:CV-09-2001
  :
WELLS FARGO BANK, N.A.,  :
NORTHWEST APPRAISAL GROUP, INC.,
JOHN W. WATKINS,  :
HEYWARD MITCHELL,
    Defendants  :

*M E M O R A N D U M*

*I.    Introduction*

Presently before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo) motion to dismiss counts I, III, IV, and VI of plaintiff Mary Shirley Golphin's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed this action alleging, amongst other things, that Wells Fargo committed common law fraud and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") in connection with plaintiff's mortgage refinance loan. For the reasons that follow, we will grant defendant's motion.

*II.    Background*

We see no reason to set forth a detailed factual background as the facts were thoroughly addressed by Magistrate Judge Prince in his report and recommendation of May 28, 2010 (*see* doc. 15.), subsequently adopted by Judge Vanaskie (*see* doc. 16.), concluding that Wells Fargo's motion to dismiss the original

complaint be granted. Any new, relevant allegations pleaded in the amended complaint will be discussed as necessary.

*III.    Discussion*

    *A.    Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." *Fowler*, *supra*, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id.* at 210-11. Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoted case omitted).

    *B.    RICO*

In Count I, plaintiff alleges the defendants violated the RICO, 18 U.S.C. §§ 1961-1968. Section 1962(c) provides that it is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

To plead a claim under § 1962(c), "the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Insurance Brokerage Antitrust Litigation*, - - - F.3d - - - -, 2010 WL 3211147, at \*42 (3d Cir. 2010). To demonstrate "a pattern of racketeering activity," a plaintiff must establish "at least two acts of racketeering activity within a ten-year period." *Id.; see also* 18 U.S.C. § 1961(5). In addition, racketeering activity may include, among other things, federal mail fraud, 18 U.S.C. § 1341, or federal wire fraud, 18 U.S.C. § 1343. *See* 18 U.S.C. § 1961(1); *see also Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). "To prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893 (1989). Here, defendants assert that plaintiff insufficiently pleaded a "pattern of racketeering activity" because she failed to sufficiently allege facts supporting the continuity prong and failed to plead mail and/or wire fraud with particularity.

### 1. Continuity Prong

Under the "relatedness" requirement of RICO, predicate acts are related "if they 'have the same or similar purposes, results, participants, victims, or methods of commission, or other are interrelated by distinguishing characteristics and are not isolated events.'" *Tabas v. Tabas*, 47 F.3d 1280, 1292 (3d Cir. 1995)(citing *H.J. Inc.*, 492 U.S. at 240). Furthermore, under the "continuity" prong, "what a plaintiff or prosecutor must prove is continuity of racketeering activity, or its threat, simpliciter." *H.J. Inc.*, 492 U.S. at 241. To this end, continuity can be "both a closed-and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. "It is, in either case, centrally a temporal concept...so that a party may establish continuity by proving a series of related predicates extending over a substantial period of time." *Tabas*, 47 F.3d at 1392 (internal citations omitted). Thus, continuity can be shown by establishing long-term criminal activity. *Id.*

Wells Fargo maintains that the complaint is devoid of allegations regarding the continuity prong, and thus plaintiff cannot establish a pattern of racketeering activity. In opposition, plaintiff argues that she sufficiently pleaded the continuity prong by citing other cases in other jurisdictions where Wells Fargo inflated appraisals in order to make higher fees. Plaintiff avers that:

> 102. In April of 2009 in the U.S. District Court in San Francisco, a class action lawsuit has been filed against Wells Fargo alleging that Wells Fargo pressured and intimidated appraisers to deliver artificially inflated home appraised values to help close loans and increase profits.
>
> 103. In January of 2008 in the U.S. District Court for the District of Maryland (No. 08-00062), the City of Baltimore sued Wells Fargo alleging that the bank pushed blacks into costly or onerous high-interest, predatory subprime loans that were " designed to fail."

4

> 104. In April of 2009, the State of California has sued Wells Fargo and accused the bank of securities fraud for telling California investors that $1.5 billion of risky securities sold to them were as safe as cash.
>
> 105. On July 31, 2008, Kimberly Thomas was awarded $250,000.00 in damages and $1 million in punitive damages against Wells Fargo in Montgomery County Circuit Court, Maryland, based on Wells Fargo's conviction for fraud, negligence and other charges for inflating Ms. Thomas' income and assets on her mortgage application, and for locking her into a bigger mortgage that she could afford.

Am. Compl. at ¶¶102-105.

These four instances of alleged fraud are insufficient to show a pattern of racketeering activity. Where, as here, a plaintiff relies on mail and wire fraud as the basis for RICO liability, the complaint must comply with Federal Rule of Civil Procedure 9(b) which requires that fraud allegations be pleaded with particularity. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). A plaintiff satisfies this requirement by pleading the "date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into [her] allegations of fraud." *Id.* at 224 (citations omitted). As we previously noted, in order to allege a pattern of racketeering activity, plaintiff must allege with particularity that two or more related predicate acts extend over a substantial period of time. Simply averring that Wells Fargo has been sued in other jurisdictions is not enough. We cannot determine if these other cases involve acts that would constitute racketeering activity as defined by 18 U.S.C. § 1961 because plaintiff has failed to plead the nature of the frauds, nor the date, place or time of the alleged frauds. Furthermore, the facts as alleged fail to show whether the alleged frauds are closed or open-ended, nor do the averments plead the time frame of the racketeering activity. Therefore, we conclude that the

complaint insufficiently pleads facts necessary to demonstrate a pattern of racketeering activity.

### 2. Mail and/or Wire Fraud

As indicated prior, to the extent that the alleged racketeering activity is based on mail and wire fraud, the complaint must comply with Federal Rule of Civil Procedure 9(b). In order to comply with Rule 9(b), plaintiff must plead with the requisite particularity "the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum*, 361 F.3d at 223-24 (citations omitted). In addition to pleading the date, place, or time of the fraud or showing some other alternative means of injecting precision, plaintiff must aver "who made a misrepresentation to whom and the general content of the misrepresentation." *Id.* at 224.

To establish mail or wire fraud, a plaintiff must prove "(1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails or interstate wire communications in furtherance of the scheme." *Wilson v. Parisi*, 549 F.Supp.2d 637, 659 (M.D. Pa. 2008)(Judge Vanaskie)(citing *United States v. Antico*, 275 F.3d 245, 261 (3d Cir. 2001)). "A scheme or artifice to defraud 'need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1415 (3d Cir. 1991)(quoting *United States v. Pearlstein*, 576 F.2d 531, 535 (3d Cir. 1978)).

Wells Fargo argues that the complaint fails to plead facts with particularity showing plausible mail and/or wire fraud. In opposition, plaintiff argues

6

that she sufficiently pleaded mail and wire fraud, and, at this time, she does not know the exact date and time of each incident of fraud. (doc. 26 at 11.) Plaintiff pleads that:

> 65. The misrepresentations by all the Defendants of the value of the property being re-financed, and the preparation and transmittal of the appraisal report by the Defendants through the mail, and the preparation and transmittal of the mortgage application by Defendants Wells Fargo and Mitchell through the mail constitute violations of the federal mail and wire fraud statutes, 18 U.S.C. Sections 1341 and 1343, in that they make use of United States mail and interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein. 6
>
> 66. The misrepresentations, statements and conversations among the Defendants and with the Plaintiff regarding the inflated market value of the Property utilizing the telephone wires, postal transmittals, and facsimile transmittal through the telephone wires constitute a violation of the federal mail and wire fraud statutes, 18 U.S.C. Sections 1341 and 1343, in that they make use of United States interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 67. The misrepresentations, statements and conversations among the Defendants and with the Plaintiff regarding the preparation of the Plaintiff's mortgage application and her ability to satisfy the mortgage payments utilizing the telephone wires, postal transmittals, and facsimile transmittal through the telephone wires constitute a violation of the federal mail and wire fraud statutes, 18 U.S.C. Sections 1341 and 1343,
> in that they make use of United States interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 68. The advertisements published and circulated by Defendants Wells Fargo constituted a violation of the federal mail and wire fraud statutes, 18 U.S.C. §§1341 and 1343, in that they made use of the United States mail and interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 69. The misrepresentations, statements and conversations among the Defendants and with the Plaintiff regarding the inflated loan amount contained in the Good Faith Estimate utilizing the telephone wires, postal transmittals, and facsimile transmittal through the telephone wires constitute a violation of the federal mail and wire fraud statutes, 18

> U.S.C. Sections 1341 and 1343, in that they make use of United States interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 70. The misrepresentations, statements and conversations among the Defendants and with the Plaintiff regarding the inflated loan amounts and rates contained in the Truth-In-Lending-Disclosure form utilizing the telephone wires, postal transmittals, and facsimile transmittal through the telephone wires constitute a violation of the federal mail and wire fraud statutes, 18 U.S.C. Sections 1341 and 1343, in that they make use of United States interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 71. The transmittal of the fraudulent appraisal to various prospective lending institutions and among the Defendants, including Defendant Wells Fargo, for the purpose of securing a re-financing of the Plaintiff' s property constituted a violation of the federal mail and wire fraud statutes, 18 U.S.C. §§1341 and 1343, in that they make use of the United States mail and interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 72. The statements and conversations among the Defendants and with the Plaintiff regarding the re-financing of her Property utilizing the telephone wires and facsimile transmittal through the telephone wires constitute a violation of the federal mail and wire fraud statutes, 18 U.S.C. §§1341 and 1343, in that they make use of the United States mail and interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.
>
> 73. The statements, conversations and documents presented by the Defendants to potential lending institutions to secure funding for the Plaintiff' s re-financing, including Defendant Wells Fargo, utilizing the telephone wires and facsimile transmittal through the telephone wires constitute a violation of the federal mail and wire fraud statutes, 18 U.S.C. §§1341 and 1343, in that they make use of the United States mail and interstate wires in furtherance of a scheme to defraud and contain numerous false statements as alleged herein.

Am. Compl. ¶¶ 65-73.

These allegations are insufficient because they lack the required particularity to put the defendant on notice. As shown above, plaintiff alleges that fraud took place over the wires and through the mail, and the content of the alleged fraud was an appraisal of her property. Outside of this allegation, however, these averments do not state the content of the misrepresentations, statements, or advertisements, and how said representations are fraudulent. Such statements are conclusory in nature and do not conform to Rule 9(b).

Based on the above reasoning, we conclude that plaintiff has failed to sufficiently plead a RICO claim against defendant Wells Fargo. We will therefore dismiss Wells Fargo from Count I.

*C. Unfair Trade Practices and Consumer Protection Law ("UTPCPL")*

Pennsylvania's UTPCPL provides a private cause of action to any person who purchases goods or services, including real estate, and suffers any ascertainable loss as a result of an unlawful act or practice. 73 P.S. § 201-9.2. "There is no question that the purchase or lease of a home, condominium, or apartment for *residential* purposes comes under the protections of the UTPCPL." *Growall v. Maietta*, 931 A.2d 667. 676 (Pa.Super.Ct. 2007)(emphasis in original)(citation omitted). The refinancing of a mortgage loan constitutes a "service" under the UTPCPL. *Christopher v. First Mutual Corp.*, No. 05-0115, 05-1149, 2008 WL 1815300, at *9 (E.D. Pa. Apr. 22, 2008). The UTPCPL identifies twenty "unfair methods of competitions" and "unfair or deceptive acts or practices," *see* 73 P.S. § 201-2(4)(i)-(xx), and includes a catchall provision that prohibits "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi); *see also Wilson*, 549 F.Supp.2d at 665.

In Count III, Plaintiff alleges that Wells Fargo violated the UTPCPL by engaging in the following acts:

> (i) Passing off goods or services as those of another;
>
> (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or service;
>
> (iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;
>
> . . .
>
> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
>
> . . .
>
> (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> . . .
>
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

73 P.S. § 201-2(4). Defendant argues that plaintiff has failed to state any facts regarding alleged violations of (i) and (ii). Likewise, Wells Fargo contends that allegations related to (iii) do not support a claim under the UTPCPL. Furthermore, defendant asserts that claims under subsections (v) and (vii) do not relate to actions of Wells Fargo, and that plaintiff's claim under the catchall provision is not pleaded with particularity as required by Rule 9(b).

A review of the amended complaint reveals that plaintiff has failed to plead sufficient facts indicating that Wells Fargo violated subsections (i), (ii), and (iii) of

the UTPCPL.  Indeed, the amended complaint is devoid of facts pleading that Wells Fargo passed off goods or services as those of another or caused confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services.  Likewise, plaintiff's allegation that "defendants refused to disclose to the plaintiff their contractual and long standing relationships" is insufficient to plead that Wells Fargo caused a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with another.  (doc. 17 ¶138).  This blanket allegation fails to plead how Wells Fargo caused confusion and when it refused to disclose any contractual relationships.

In addition, plaintiff insufficiently pleads that Wells Fargo violated subsections (v) and (vii) of the UTPCPL.  In an attempt to plead sufficient facts, plaintiff added the following allegations to her complaint:

> 137. Defendants Northwest and Watkins willfully inflated the market value and therefore misrepresented the true value of the Plaintiff' s Property which caused confusion and a misunderstanding as to the certification of the Property' s value.
>
> . . .
>
> 139. Through their appraisal of the Property, Defendants Northwest and Watkins misrepresented certain characteristics and qualities that the Property did not have, including but not limited to: stating that the property had a new kitchen and bath since the Plaintiff' s 2005 purchase when it did not; listing no functional deficiencies when the wiring in the kitchen was in violation of acceptable building standards; stating no external deficiencies when the garage was dilapidated and falling down; stating that the property had four (4) bedrooms when it actually has two (2); stating that the property has a fireplace when it does not have a working fireplace; stating that the property had been renovated since the 2005 purchase when it had not been.

(doc. 17 ¶¶ 137, 139.)  These allegations, however, fail to indicate a causal connection between Wells Fargo and defendants Mitchell and Northwest.  Plaintiff argues that

11

these allegations show that the appraisal was fraudulent, and, since Wells Fargo ordered the appraisal from Northwest and the two companies have a relationship, defendant is liable. As the allegations make clear, however, Wells Fargo only ordered an appraisal. Plaintiff has not alleged that Wells Fargo made any representation as to the quality of the appraisal or that it had any specific qualities.

Finally, with respect to the catchall provision, Wells Fargo argues that a claim under this subsection requires using the elements of common law fraud as a guideline. (doc. 26 at 15.) To prove common law fraud under Pennsylvania law, a plaintiff must show: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damages to the party defrauded as a proximate result." *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 225 n.13 (3d Cir. 2008). However, Pennsylvania's appellate courts are split on whether a claim under the catchall provision requires a plaintiff to plead the elements of common law fraud since the act allows for liability for both "fraudulent or deceptive conduct." *See Seldon v. Home Loan Services, Inc.*, 647 F.Supp.2d 451, 468 (E.D. Pa. 2009)(comparing *Commonwealth v. Percudani*, 825 A.2d 743, 746 (Pa.Commw.Ct. 2003) and *Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa.Super.Ct. 2000)); *see also Ross v. Foremost Ins. Co,* 998 A.2d 648, 654 (Pa.Super.Ct. 2010)(holding that a plaintiff must prove common law fraud in order to be held liable under the catchall provision). Likewise, neither the Supreme Court of Pennsylvania nor the Third Circuit has directly held that the catchall provision requires pleading common law fraud. *See Kemezis v. Matthews*, No. 08-4844, 2010 WL 3622992, at *2 (3d Cir. 2010)(non precedential)*.* However, the courts are settled that the catchall provision demands that a plaintiff must plead and prove "justifiable reliance" in addition to showing a deceptive act. *See Hunt*, 538 F.3d

12

at 223-24; *Sheldon*, 647 F.Supp.2d at 470 (defining deceptive conduct as "conduct that is likely to deceive a consumer acting reasonably under similar circumstances."). In spite of this unsettled issue, plaintiff fails, even under a lenient standard, to sufficiently plead a right to relief under the catchall provision.

In addition to the allegations previously recounted, plaintiff additionally pleads in support:

> 141. Defendants Wells Fargo and Mitchell misrepresented to the Plaintiff that she had to the ability to pay the mortgage.
>
> 142. Defendants Wells Fargo and Mitchell misrepresented the true market value of the Plaintiff's Property in order to issue her a costly or onerous high-interest, predatory subprime loan.
>
> 143. Defendants Wells Fargo and Mitchell misrepresented the loan-to-value ratio on the Plaintiff' s loans in order to issue her a more costly loan so that they could generate money for themselves.
>
> 144. Defendants Wells Fargo and Mitchell represented that they were acting in the Plaintiff' s best interests when they issued the loans; however, their goal was in entice the Plaintiff into securing loans she could not afford to pay and which were not supported by the Property' s value.

(doc. 17 ¶¶ 141-44.) These allegations insufficiently plead that Wells Fargo engaged in deceptive or fraudulent conduct. First, the averments do not state the content of the misrepresentations, or how Wells Fargo misrepresented the loan-to-value ration, the ability of plaintiff to pay, or the market value of home. Second, the pleadings do not state how Wells Fargo's conduct was deceptive nor that its conduct was likely to deceive a consumer acting reasonably under the circumstances. Finally, the allegations are conclusory in nature without any factual support. Thus, based on the preceding, we will dismiss plaintiff's UTPCPL claims against Wells Fargo.

### D. *Consumer Fraud under Federal Law and Common Law Fraud*

As to plaintiff's consumer fraud claim under federal law found in Count IV, Golphin fails to cure the defects of the original complaint, as held by Magistrate Judge Prince, (*see* doc. 15), and adopted by Judge Vanaskie. (*See* doc. 16.) In fact, there is no substantial difference between the original complaint and the amended complaint for this count. Therefore, we will dismiss this claim against Wells Fargo.

In Count VI, plaintiff alleges common law fraud against all defendants. She adds several allegations in an attempt to plead with particularity that Wells Fargo engaged in fraud. However, these additional averments are nearly identical to the allegations she pleaded in support of her RICO and UTPCPL claims. We held those allegations insufficient because they lacked the required particularity or failed to plead enough facts showing a plausible right to relief. Inasmuch as we found said allegations insufficient to plead claims under RICO and the UTPCPL, we also find that they fail to plead common law fraud with particularity. Therefore, we will dismiss Wells Fargo from Count VI of the amended complaint.

### E. *Motion to Amend the Amended Complaint*

Plaintiff's motion to amend her amended complaint seeks to join Wells Fargo Home Mortgage, Inc. to the claims asserted against Wells Fargo Bank, N.A. Golphin contends that the proposed amendment is based on the "same facts and circumstances as the current amended complaint" and that she "is not presenting new facts, legal theories or new theories of recovery." (doc. 30 at 6.) Inasmuch as we held that the claims against defendant Wells Fargo should be dismissed for plaintiff's failure to plead sufficient facts showing a right to relief, we conclude that allowing amendment to join an additional party to said claims would be futile. Thus, we will deny Golphin's motion to amend.

IV.     *Conclusion*

   Based on the foregoing memorandum, we will grant defendant Wells Fargo Bank, N.A.'s motion to dismiss pursuant to Rule 12(b)(6), and dismiss it from this action.  In addition, we will deny plaintiff's motion to amend.

   We will issue an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: November 2, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY SHIRLEY GOLPHIN, :

    Plaintiff :

    vs. : CIVIL NO. 3:CV-09-2001
:
WELLS FARGO BANK, N.A., :
NORTHWEST APPRAISAL GROUP, INC.,
JOHN W. WATKINS, :
HEYWARD MITCHELL,
    Defendants :

*O R D E R*

AND NOW, this 2nd day of November, 2010, upon review of defendant Wells Fargo Bank, N.A.'s motion to dismiss, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's motion to dismiss (doc. 19) is granted.

    2. All claims against defendant Wells Fargo Bank, N.A. are dismissed, and it is dismissed from the action.

    3. Plaintiffs motion to amend the amended complaint (doc. 28) is denied.

                            /s/ William W. Caldwell
                            William W. Caldwell
                            United States District Judge